USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARY L. MEDLEY,

              Plaintiff,      :    10 Civ. 3214
                                    **Opinion & Order**

      v.

AMERICAN CANCER SOCIETY,

              Defendant.
------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    This action was commenced by the plaintiff, Mary L. Medley ("Plaintiff"), on April 15, 2010. Plaintiff asserts claims for back pay and other relief against Defendant American Cancer Society ("Defendant"), alleging that Defendant failed to pay her overtime and minimum wage compensation in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York State Labor Law. Before the Court is the joint request of the parties for judicial approval of the settlement that they reached.

    The parties have agreed to resolve in full all claims brought by Plaintiff against Defendant in this action. In support of their request for judicial approval of the settlement, the parties have submitted a copy of the

executed settlement agreement and letters dated July 8, 2010 and July 14, 2010 for the Court's review in camera.[1]

"With only two exceptions, employees cannot waive FLSA claims for unpaid wages or overtime, for less than full statutory damages. The two exceptions are for: (1) settlements supervised by the Secretary of Labor, and (2) judicially-approved stipulated settlements." Manning v. New York Univ., No. 98 Civ. 3300(NRB), 2001 WL 963982, at *12 (S.D.N.Y. Aug. 22, 2001). While the exception for settlements supervised by the Secretary of Labor is provided for by statute, see 29 U.S.C. § 216(c), the exception for judicially-approved stipulated settlements has its genesis in case law. See D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 116 (1946); Manning, 2001 WL 963982, at *12. It is now "well-settled that an employee may waive a FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement." Id. at *13. In deciding whether to approve a stipulated settlement, the Court must "scrutiniz[e] the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982).

---

[1] Because the terms of the settlement agreement are confidential, it will be filed under seal. At the parties' request, the letters shall also be filed under seal.

2

Upon review of the parties' submissions, including the settlement agreement and the July 8 and July 14, 2010 letters, the Court finds that the proposed settlement of this action is fair and reasonable. The parties represent that (1) they disagree whether Plaintiff was an "exempt" employee under the FLSA and the New York State Labor Law and (2) they differ widely as to the number of hours Plaintiff worked. Therefore, this settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses. It also enables the parties to avoid litigation risk. Moreover, the settlement agreement is the product of arm's-length bargaining between experienced counsel.

For these reasons, the Court finds that the proposed settlement is fair and reasonable. Accordingly, the settlement is judicially approved.

**SO ORDERED:**

　　　　　　　　　　　　　　　　　　　　　/s/ Barbara S. Jones
　　　　　　　　　　　　　　　　　　　　Barbara S. Jones
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
　　　　 July 23, 2010